UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC JONES, | Case No. 1:19-cv-00411-JDP |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AT SCREENING |
| v. | |
| S. YOUNG, | ECF No. 1 |
| Respondent. | |

Petitioner Isaac Jones, a federal prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). To pass screening, petitioner must allege a violation of "clearly established federal law"—meaning a violation of a U.S. Supreme Court holding. *See White v. Woodall*, 572 U.S. 415, 419 (2014). At this early stage, Rule 4 gives "courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). The rule also "imposes on courts the duty to screen out" petitions that are vague and conclusory. *Id*.

A writ of habeas corpus under § 2241 is proper when a federal prisoner wishes to challenge the manner of execution of his sentence. *See Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Here, petitioner complains of a "parole problem." ECF No. 1 at 1. Specifically, petitioner argues that a medical condition prevented him from filing a timely administrative appeal at his prison. *Id*. at 3. Petitioner requests that an incident report be expunged and that 41 days of good time credit be restored to him. *Id*. at 5. Petitioner presented evidence that the prison will give him an opportunity to file his late appeal if he provides a staff note verifying his reasons for the delay in filing. *Id*. at 11. These allegations and requests alone are vague and conclusory. I will not construct a habeas claim for petitioner. *See Pliler v. Ford*, 542 U.S. 225, 226 (2004) (noting that judges, "impartial decisionmakers," may not give legal advice to pro se litigants). Without an allegation of a constitutional rights violation which connects the untimely appeal to the loss of good time credit, petitioner has failed to state a claim sufficient to pass Rule 4 screening.

**Order**

I order petitioner to show cause why his petition should not be dismissed for failure to state a cognizable habeas claim. If petitioner wishes to continue seeking habeas relief, petitioner should respond to this order within fourteen days from the date of service with an amended petition. To pass screening under § 2241, the amended petition should allege a constitutional violation in the manner of execution of petitioner's sentence.

IT IS SO ORDERED.

Dated:   January 13, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.