UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC JONES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>S. YOUNG,<br><br>　　　　　Respondent. | Case No.   1:19-cv-00411-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS[1]<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>(Doc. No. 15)<br><br>ORDER DIRECTING CLERK TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Isaac Jones, a Bureau of Prison's (BOP) inmate, is proceeding *pro se* on his amended petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 11, "petition"). In response, respondent filed a motion to dismiss the petition. (Doc. No. 15). Petitioner did not file a reply nor an opposition to the motion to dismiss. For the reasons stated below, the undersigned recommends that the court grant respondent's motion to dismiss.

I.   BACKGROUND AND FACTS

On April 10, 2020, petitioner submitted a first amended petition in response to the court's order to show cause why his initial petition should not be dismissed for vagueness. (*See* Doc. Nos. 1, 7, 10 and 11). The petition, as amended, sets forth one ground for relief: petitioner's due process

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

rights were violated in connection with his prison disciplinary hearing conducted while he was incarcerated at the Federal Corrections Institution ("FCI") Victorville.[2] (*See generally* Doc. 11). The petition was filed while petitioner was incarcerated in Federal Correctional Institution-Tate, which is located within the jurisdiction of this court.

According to the petition, prison staff requested a urine sample from petitioner as part of the BOP's routine drug screening on July 30, 2017. (Doc. No. 11 at 19). Two hours elapsed between the time of the first request for a urine sample and petitioner's statement that he could not provide a urine sample. (*Id.*). Petitioner was charged with refusing to provide a urine sample (incident report 3016150). *See* 28 CFR § 541.3, BOP Code 110. (Doc. 15-1 at 3-4; Doc. No. 15-1 at 60).

A disciplinary hearing was conducted on August 15, 2017. (Doc. No. 11 at 22). Prior to the disciplinary hearing, officials advised petitioner of his rights and provided him with a copy of the incident report. (Doc. No. 11 at 22; Doc. No. 15-1 at 63, 65). At the disciplinary hearing, petitioner was provided with the opportunity to present evidence in his defense, including witness testimony and documentary evidence and have staff representation. (Doc. 11 at 22; Doc. No. 15-1 at 67). Petitioner waived his right to representation, did not present any witnesses or documentary evidence in his defense, and offered only his own statement: "The Officer left so I wasn't able to pee." (Doc. 11 at 23; Doc. No. 15-1 at 67-68). Petitioner did <u>not</u> state that he was in pain or unable to produce the sample due to a medical condition.[3] The hearing officer considered petitioner's only statement, "I just can't go," and found it "neither convincing nor persuasive." (Doc. No 11 at 22; Doc. No. 15-1 at 68). The hearing officer found that the "greater weight of the evidence" weighed

---

[2] The court notes that petitioner disputes the results of two different disciplinary hearings, one at FCI Victorville and one at FCI Mendota. (*See generally* Doc. No. 11). However, petitioner states that the Mendota incident report was dismissed. (*Id*. at 14). Moreover, respondent has provided proof that the Mendota disciplinary finding was dismissed and expunged from petitioner's record, thereby restoring the good conduct time lost by petitioner. (Doc. No. 15-1 at 4). Accordingly, the court will only consider Petitioner's Victorville hearing.

[3] Petitioner states that he was unable to urinate within the two-hour window due to a medical condition. (Doc. No. 11 at 15-17). Five months later, petitioner was examined by a doctor and he was found to be suffering from kidney stones. (Doc. No. 11 at 27). It is not clear whether the condition was present on the pertinent day. The court is not qualified to make medical determinations and the court cannot opine whether his subsequent diagnosis impeded his ability to provide a sample on the day in question.

2

against petitioner and found the petitioner in violation of BOP Code 110.  (Doc. 11 at 22; Doc. No. 15-1 at 68).  Petitioner was then sanctioned with the loss of 41 days good time credit and three months loss of privileges.  (Doc. No. 11 at 21; Doc. No. 15-1 at 69).

## II. APPLICABLE LAW

### a. Standard of Review

No habeas rule explicitly applies to motions to dismiss.  *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes.").  Following an approach frequently taken by other courts in this district, the court finds that Rule 4 of the Rules Governing Section 2254 Cases provides the most appropriate analytical framework for motions to dismiss in the habeas context.  *See, e.g.*, *Ram v. Sacramento Cty.*, No. 2:15-cv-2074-WBS-DB, 2017 U.S. Dist. Lexis 85123 at *4 (E.D. Cal. June 2, 2017).  Rule 4 establishes what is commonly known as a "screening" procedure for habeas petitions.  *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Under Rule 4, the court evaluates whether it "plainly appears" that the petitioner is not entitled to relief—and if so, the petition is dismissed.

### b. Due Process during Prison Disciplinary Hearings

Federal prisoners have a right to due process during prison disciplinary hearings.  *See Wolff* v. *McDonnell*, 418 U.S. 539 (1974) ("[D]ue process requires procedural protections before a prison inmate can be deprived of a protected liberty interest in good time credits.").  Due process requires: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action."  *Id.* at 563-567.  Prisoners bear the burden to demonstrate that they did not receive due process during their disciplinary hearing.  *See Parnell v. Martinez*, 821 Fed. Appx. 866, 866-867  (9th Cir. 2020) (finding that the district court "properly dismissed [the petitioner's] due process claim challenging his disciplinary hearing following his

failure to submit to a urinalysis because [the petitioner] failed to allege facts sufficient to demonstrate that he was not afforded all the process that was due.").

Moreover, "revocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by *some evidence* in the record." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985) (quoting *Wolff*, 418 U.S. at 558) (emphasis added). The court need not reexamine the entire record, assess the credibility of the witnesses, or weigh the evidence presented during the hearing. *See id*. at 455-56. Rather, the court determines whether there is "*any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. (emphasis added).

III.    ANALYSIS

As an initial matter, respondent contends that petitioner failed to exhaust his administrative remedies prior to seeking federal habeas relief. (Doc. No. 15 at 3-4). From the face of the petition and from the exhibits attached thereto, it appears petitioner's transfer delayed his notification of the disciplinary hearing findings, but he nonetheless took many efforts in good faith to exhaust his administrative remedies. (Doc. No. 11 at 12-13, 42). Nonetheless, the court declines to make a finding on exhaustion because this petition can be denied for another reason: petitioner's due process claim lacks merit. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("AEDPA expressly permits courts to deny habeas petitions on the merits despite a failure to exhaust.").

Here, petitioner has presented no evidence that the prison disciplinary hearing at FCI Victorville did not meet the due process the standards required by *Wolff*. Petitioner had advance written notice of the disciplinary charges, was given the opportunity to call witnesses and present evidence in his defense and was given a written statement of the evidence relied upon and reasons for imposing the disciplinary sanction. (Doc. No. 11 at 22). Further, there was at least "some evidence" that supported the disciplinary hearing officer's finding, namely the correctional officer's statements and written incident report. (*Id*.) Although it is possible that petitioner may have had a

4

medical condition which prevented him from urinating in a timely manner, this evidence was not presented to the disciplinary officer, even though petitioner had the opportunity to present evidence in his favor. Accordingly, the court finds no due process violation and recommends that respondent's motion to dismiss be granted.

IV. CERTIFICATE OF APPEALABILITY

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the court declines to issue a certificate of appealability.

Accordingly, it is **ORDERED**:

The clerk of court is directed to assign this case to a district judge.

Further, it is **RECOMMENDED**:

1. Respondent's motion to dismiss (Doc. No. 15) be **GRANTED**.

2. The petition (Doc. No. 11) be **DISMISSED**.

3. Petitioner be denied a certificate of appealability.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     April 13, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE