UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC JONES,<br><br>        Petitioner,<br><br>    v.<br><br>S. YOUNG,<br><br>        Respondent. | Case No. 1:19-cv-00411-NONE-HBK<br><br>ORDER TO VACATE APRIL 14, 2021 FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 20)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS MOOT<br><br>FOURTEEN-DAY OBJECTION PERIOD |

      Petitioner Isaac Jones, a Bureau of Prison's (BOP) inmate, is proceeding *pro se* on his amended petition for writ of habeas corpus under 28 U.S.C. § 2241 filed on April 10, 2020. (Doc. No. 11, "Petition"). In response, Respondent filed a motion to dismiss the petition. (Doc. No. 15). The undersigned issued Findings and Recommendations to grant Respondent's motion to dismiss on April 14, 2021. (Doc. No. 20, "F&R"). Although Petitioner did not file objections, the undersigned vacates the April 14, 2021 F&R because Petitioner's release from BOP after he filed the Petition but before the F&R issued moots the Petition.

## I. BACKGROUND

      The Petition sets forth one ground for relief: Petitioner's due process rights were violated in connection with his August 15, 2017 prison disciplinary hearing conducted while he was

1

incarcerated at the Federal Corrections Institution Victorville. (*See generally* Doc. No. 11). At the disciplinary hearing it was determined that Petitioner refused to provide a urine sample, in violation of BOP Code 110. (Doc. 11 at 22; Doc. No. 15-1 at 68). Petitioner was sanctioned with the loss of 41 days good time credit and three months loss of privileges. (Doc. No. 11 at 21; Doc. No. 15-1 at 69). Respondent moved to dismiss the petition, arguing that Petitioner failed to show the disciplinary hearing violated his due process rights. (*See generally* Doc. No. 15). The undersigned issued findings and recommendations finding the disciplinary hearing did not violate Petitioner's due process rights and recommending Respondent's motion to dismiss be granted. (Doc. No. 20).

The Court has reviewed the docket in Petitioner's underlying criminal case from the Northern District of Ohio and takes judicial notice of it under Federal Rule of Evidence 201. *See U.S. v. Jones*, No. 5:15-cr-00108 (N.D. Ohio Aug. 15, 2015). On January 22, 2021, the Northern District of Ohio granted Petitioner compassionate release from BOP's custody reducing his sentence "to time served." (*Id.*, Doc. No. 56).

## II. APPLICABLE LAW AND ANALYSIS

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. Therefore, throughout the litigation the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "[I]f it appears that [the court is] without power to grant the relief requested, then the case is moot." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some 'collateral consequence' of the conviction -- must exist if the suit is to be maintained." *Id*. Collateral consequences are presumed where the petitioner

challenges the validity of his underlying conviction. *Id*. at 7-8. However, collateral consequences are not presumed where the petitioner challenges a disciplinary finding. *See Wilson v. Terhune*, 319 F.3d 477, 481 (9th Cir. 2003) (no presumed collateral consequence from prison disciplinary proceedings). In such cases, a petitioner must demonstrate that he is suffering from collateral consequences in order to prevent his case from being rendered moot. *Id.*

Here, Petitioner was released from custody. The Petition challenges only the findings of the 2017 disciplinary hearing which resulted in a loss of good time credits. Petitioner does not argue that the findings of his disciplinary hearing will result in any current collateral consequences, and the undersigned independently cannot conceive of any collateral consequences. Indeed, the Northern District Court of Ohio identified Petitioner's "clean prison disciplinary record for the last year" as one of the factors to grant compassionate release. *See U.S. v. Jones*, No. 5:15-cr-00108 (Doc. No. 56 at 3). The undersigned finds the Petition is moot and recommends it be dismissed accordingly. Considering this finding, the undersigned vacates the April 14, 2021 F&R. (Doc. No. 20).

Accordingly, it is **ORDERED**:

The April 14, 2021 Findings and Recommendations are vacated. (Doc. No. 20).

Further, it is **RECOMMENDED**:

1. The Petition (Doc. No. 11) be dismissed as moot.

2. Respondent's motion to dismiss (Doc. No. 15) be dismissed as moot.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: July 9, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE